UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EMIL ASSAD,<br>   Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE OF AMERICA, INC.,<br>   Defendant. | )<br>)<br>)<br>)<br>) C.A. NO. 13-CV-10398<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant United Parcel Service of America, Inc. hereby removes to this Court the above action, currently pending in the Plymouth Superior Court sitting in Brockton, Plymouth County, Massachusetts, Civil Action No. 2013-00146A.

Removal of this action is proper for the following reasons:

1. On or about February 7, 2013, the Plaintiff Emil Assad ("Mr. Assad") commenced this action against "United Parcel Service" in the Massachusetts Superior Court sitting in Plymouth County, Massachusetts seeking $100,000.00 in damages.

2. The entity that actually employed Mr. Assad is United Parcel Service of America, Inc. ("UPS"), an Ohio corporation and a wholly-owned subsidiary of United Parcel Serice, Inc., a Delaware corporation. Both corporations have a principal place of business in Atlanta, Georgia.

3. Mr. Assad affected service of the Summons and Complaint on UPS on February 15, 2013. UPS has therefore filed this Notice of Removal within the time limitations set forth in 28 U.S.C. § 1446(b).

4. A true and accurate copy of the Superior Court record is filed with this Notice of Removal in accordance with 28 U.S.C. § 1446(a) and is attached as <u>Exhibit A</u>.

5. UPS is an employer within the meaning of 29 U.S.C. § 152(a) and conducts business in an industry affecting commerce within the meaning of 29 U.S.C. § 152(7).

6. Mr. Assad's employment with UPS was governed by a collective bargaining agreement (the "CBA") between UPS and the International Brotherhood of Teamsters Union (the "Union"). The Union is a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. § 152.

7. UPS terminated Mr. Assad's employment pursuant to the terms of the CBA.

8. Mr. Assad requested that the Union file a grievance challenging the termination and alleges that UPS breached a settlement agreement reached with the Union when it refused to reinstate him to his former position with the Company. Complaint, ¶¶ 60, 63, 69 and 73.

9. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district or division embracing the place where such action is pending."

10. U.S. District Courts have original jurisdiction over all civil actions in which the matter in controversy exceeds $75,000.00 and where the parties are citizens of different states. 28 U.S.C. § 1332(a).

11. As alleged in his Complaint, Mr. Assad resides at 7 Indian Avenue, Plymouth, Plymouth County, Massachusetts.

12. UPS is an Ohio corporation with its principal place of business in Atlanta, Georgia and is therefore a citizen of Ohio and Georgia. 28 U.S.C. § 1332(c)(1).

13. This Court has original jurisdiction over this action as the amount in controversy requirement is satisfied and there is diversity of citizenship between the parties. Removal is therefore proper pursuant to 28 U.S.C. § 1441(a).

14. In addition, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Counts I through IV of Mr. Assad's Complaint arises under the "Constitution, laws, or treaties of the United States."

15. Section 301 of the Labor Management Relations Act, 29 U.S.C. §185(a), grants exclusive jurisdiction to federal courts over "suits for violation of contracts between an employer and a labor organization." The United States Supreme Court has interpreted this provision to include state law claims that require an interpretation of the terms of a collective bargaining agreement. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985); Hart v. Verizon Communication, Inc., No. 03-11811, 2004 U.S. Dist. LEXIS 3699 (D. Mass. March 9, 2004) ("When the resolution of claims necessarily requires an interpretation of the terms of the governing collective bargaining agreement, federal jurisdiction is proper"), citing Allis.

16. Mr. Assad alleges in Counts I and II of the Complaint that UPS resolved his grievance by reaching an agreement with the Union to rescind the termination letters issued to Mr. Assad and to reinstate him to his former position. Complaint, ¶¶ 60, 69. Mr. Assad further alleges that UPS breached that agreement by refusing to allow him to return to work. Complaint, ¶¶ 63, 72. Count III alleges that the conduct of UPS violates the covenant of good faith and fair dealing implied in the CBA. Complaint, ¶¶ 91-93. In essence, Counts I through III allege that UPS breached the express and implied terms of the CBA by failing to abide by an agreement reached with the Union under the grievance procedures set forth therein. Likewise, Count IV raises a state law claim for wrongful termination, which necessarily requires the fact finder to

determine whether UPS property terminated Mr. Assad's employment under the CBA. Accordingly, the allegations in Counts I through IV are preempted by federal law.  See, e.g., Allis-Chalmers Corp. v. Lueck, 471 U.S. at 210 (a suit in state court alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law); O'Sullivan v. Longview Fibre Company, 993 F. Supp. 743 (N.D. CA 1997); Henderson v. Merck & Company, Inc., 998 F. Supp. 532 (E.D. Pa. 1998).

17. Because the requirements for diversity of citizenship are met and because Counts I through IV of Mr. Assad's Complaint require the Court to interpret the terms of the CBA, the Complaint gives rise to original jurisdiction in this Court under 28 U.S.C. §§ 1331 and 1332(a). Removal of this action is therefore proper pursuant to 28 U.S.C. § 1441(a).

18. Pursuant to 28 U.S.C. § 1446(d), UPS will promptly serve this Notice of Removal upon Mr. Assad and will file the Notice of Filing of this Notice of Removal with the Massachusetts Superior Court sitting in Brockton in Plymouth County on a timely basis.

WHEREFORE, UPS respectfully requests that this Court remove this action from the Superior Court of the Commonwealth of Massachusetts for the County of Plymouth.

5

                                            **UNITED PARCEL SERVICE OF AMERICA, INC.**

                                            By its attorneys,

                                            /s/ James F. Radke
                                            James F. Radke - BBO 667299
                                            jradke@murthalaw.com
                                            Murtha Cullina LLP
                                            99 High Street
                                            Boston, MA 02110-2320
                                            Telephone:  617.457.4000
                                            Facsimile:  617.482.3868

                                            Barry J. Waters  - BBO 645595
                                            bwaters@murthalaw.com
                                            Murtha Cullina LLP
                                            2 Whitney Avenue
                                            New Haven, CT 06510
                                            Telephone:  203.772.7719
Dated:  February 27, 2013              Facsimile:  203.772.7723

5

4378690v1