COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO. 13-0146A

Emil F. Assad, Plaintiff(s)

vs.

United Parcel Service, Defendant(s)


A True Copy Attest
Constable
Date 2-15-13

## SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon Jenny Margeson plaintiff attorney, whose address is 200 Main St. Dennis MA 02638 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Brockton either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff' claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Brockton the .................... day of ...................., in the year of our Lord Two thousand and ............ .

CLERK.

### NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract- Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...................., 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant , in the following manner(See Mass. R. Civ. P. 4(d)(1-5)):....................

Dated: , 20

**N.B.   TO PROCESS SERVER:-**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 20

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Brockton.


RECEIVED
FEB 1 5 2013
CUSTOMER SERVICE

Commonwealth of Massachusetts

Plymouth, ss.                                    Plymouth Superior Court
                                                 Civ Act No: 13-0146A

Emil Assad

v.

United Parcel Service

VERIFIED COMPLAINT

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY
FEB 7 2013
Clerk of Court

### Parties

1. The plaintiff is an individual, residing at 7 Indian Ave, Plymouth, Plymouth County, Massachusetts.

2. The Defendant is a Massachusetts Corporation with a principal place of business located at 647 B Summer Street, Suffolk County Boston, Massachusetts.

### Facts

3. The plaintiff was hired by the defendant on or about February 2008 as a Loader.

4. The plaintiff had initially applied for the position of Air Driver, but was told he could not be hired as a driver due to a pending operating under charge on his driving record.

5. The plaintiff was told he would be eligible for a promotion to Air Driver should the case be dismissed.

6. The plaintiff was also told that he would have a greater likelihood of promotion to the Air Driver position if he were employed with the company for at least six months, as UPS has a 6/1 list where the preference is to promote current employees before hiring outsiders.

7. The Operating Under charge was dismissed.

8. In 2009 the plaintiff again applied for the position of Air Driver.

9. The plaintiff took and passed the driving test.

10. The plaintiff was denied the promotion due to an alleged Operating Under charge on his record.

11. The plaintiff provided documented evidence to Tamara Montgomery of Human Resources showing the Operating Under charge was dismissed.

12. In 2010 the plaintiff again applied for position of Air Driver, took and passed the driving test.

13. The plaintiff again spoke with Tamara Montgomery of Human Resources and was told he did not need to be provided a reason for not receiving the position.

14. At a second interview with Tamara Montgomery of Human Resources, Ms. Montgomery asked the plaintiff where he was from.

15. The plaintiff responded that he was from Egypt.

16. Ms. Tamara Montgomery suggested to the plaintiff that he should apply for a position of UPS Driver in Egypt.

17. On or about April 2011 the plaintiff again applied for the position of Air Driver with UPS, and took the driving test for the fourth time.

18. The plaintiff was told that he had allegedly failed the driving test, despite having passed it on three previous occasions.

19. The plaintiff has been referred to repeatedly as "sand nigger"

20. The plaintiff has brought this discrimination to the attention of Human Resources.

21. No action was taken by UPS regarding this discrimination.

22. On or about May 17, 2011, the plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission regarding the treatment of plaintiff and comments paid to him regarding his national origin.

23. Since filing the complaint with the EEOC the plaintiff has been subject to additional instances of retaliation.

24. On or around the last week of May 2011, the Plaintiff made a request for a copy of his personnel file.

25. That request was made to Sammy Contes.

26. Mr. Contes took the plaintiff's personnel file and asked the plaintiff what specifically he was looking for.

27. The plaintiff stated that he was looking for a copy of the report of the meeting that took place with Jason from Human Resources in April of 2011.

28. Mr. Contes told the plaintiff he would not be allowed to review the file there because there were items in the file that he was not sure the plaintiff was allowed to see.

29. Mr. Contes also stated that he needed permission from Mike DiBlasi, the business manager. Mr. Contes stated he would get back to the plaintiff.

30. The plaintiff notified his shop steward, David Newman that he had been denied access to his personnel file.

31. After four days had elapsed, the plaintiff was allowed to review his personnel file with his shop steward, Mr. Newman.

32. The plaintiff noted that certain items that had seen in the file four days previously, were no longer in the file.

33. This was brought to the attention of Mr. Contes, who stated that those documents were moved and the plaintiff was not allowed to see them.

34. On or about August 2, 2011, the plaintiff noticed, and reported to his supervisor that his paystub had been incorrectly coded, as paid vacation time was coded as unpaid leave time, thus causing the plaintiff's medical insurance to be dropped.

35. When UPS did not correct the problem, the plaintiff contacted the Union Rep, George Slicis.

36. The plaintiff faxed the pay stubs showing the error, and George Slicis stated on August 15, 2011, that he had spoken to Don Cragan, and Mr. Cragan was looking into it.

37. The issue was eventually corrected by UPS and Mr. Assad's insurance was reinstated, but not before the plaintiff and his wife were denied medical coverage.

38. On or about December 29, 2011 the plaintiff sustained an on the job injury while working at UPS.

39. On or about December 29, 2011, plaintiff called his supervisor Sammy Contes to report the injury and state his intent to seek treatment at the hospital.

40. The plaintiff was instructed to call Don Cragan to advise him of the injury.

41. The plaintiff, Mr. Assad, called Mr. Cragan to report the injury.

42. Mr. Cragan stated to the plaintiff, that plaintiff was, "Shit out of Luck", and that Mr. Cragan would "not pay you anything; there is nothing to be paid".

3

43. Mr. Cragan then advised the plaintiff that he should, "go to the Union and they will take care of it".

44. The plaintiff, Mr. Assad requested a workman's compensation claim number on December 29, 2011 so that he could seek treatment at the hospital.

45. On January 2, 2012, the plaintiff still had not been provided a claim number for his injury.

46. On or about January 4, 2012 the plaintiff sent an email to his Union Representative outlining the conversation he had with Mr. Cragan, explaining that he still was not in receipt of a claim number for his injury, and stating that he had documented evidence of his injury that he could fax if necessary.

47. On or about January 6, 2012, the plaintiff received a letter from Rodney Ruff of UPS, stating that he must provide medical documentation to Don Cragan to substantiate his absence from work regarding his injury or he would be terminated.

48. On January 9, 2012 the plaintiff did contact Don Cragan and obtain a fax number from Sammy Contes, and then did fax the documents requested to the fax number he obtained.

49. On January 16, 2012 the plaintiff received a termination letter from UPS.

50. As of date of termination, no workman's compensation claim number had been provided to the plaintiff.

51. On January 20, 2012, the plaintiff notified his Union Representative, George Slicas, that he had been terminated despite his having faxed the documents UPS had requested.

52. On January 23, 2012 the plaintiff faxed copies of all doctors' notes to his Union Representative at Teamster's Local 25, and George Slicas stated he would file a grievance on the plaintiff's behalf.

53. The plaintiff was forced to retain counsel in order to obtain a claim number regarding his injury.

54. The plaintiff's health insurance was terminated at the end of March 2012.

55. On July 10, 2012 the plaintiff again contacted the Union in regards to his grievance.

56. A hearing regarding the workman's compensation claim was heard before an Administrative Judge on July 12, 2012.

57. An order was issued on July 13, 2012, by the Honorable Lynn Brenemuehl, ordering UPS to pay medical benefits to the plaintiff and Attorney's fees.

58. Around the end of July, 2012, the plaintiff received a workman's compensation claim number that was valid.

59. On July 25, 2012, the plaintiff filed a charge with the NLRB relating to the grievance that was not yet filed by the Teamster's Local 25 regarding his wrongful termination.

60. On September 20, 2012 the plaintiff, the Teamster's Local 25 and UPS came to an agreement regarding the plaintiff's employment, that he would be reinstated.

61. The plaintiff received two separate "rescinded" termination letters, one dated January 16, 2012 and the other dated August 30, 2012.

62. On October 5, 2012 the plaintiff received a light duty return to work note from Dr. Jerald Katz.

63. The plaintiff has not been allowed to return to work as per the agreement between the parties in September 2012.

64. Mr. Assad was at no time notified of negative documents being placed in his personnel file.

65. Mr. Assad contacted UPS in an attempt to regain his employment after his termination was rescinded.

## Count One
### Breach of Contract
### (As to failure to rehire)

66. The plaintiff repeats and realleges the allegations contained in paragraphs 1 to 65 as stated above and incorporates them by reference herein.

67. The plaintiff, Mr. Assad was an employee of UPS, who was terminated on January 16, 2012.

68. By agreement of the parties, two rescinded termination letters were issued on or about September 20, 2012.

69. The plaintiff, Mr. Assad, the defendant; UPS and the Teamster's Local 25 came to an agreement to rescind the termination of the plaintiff.

70. One rescinded termination letter was dated January 16, 2012, the other August 13, 2012.

71. Plaintiff has not been allowed to commence work with and for UPS.

72. The defendant, UPS, breached their contract with the plaintiff, Mr. Assad, by failing to allow him to return to work, according to the terms of the rescinded termination letter and agreement of the parties.

73. Mr. Assad has suffered damages as a result of UPS failing to allow him to return to work as was the agreement of the parties and the rescinded termination letters.

WHEREFORE, the Plaintiff prays that this Honorable Court;

1. Enter Judgment in favor of the Plaintiff;

2. Award all fees, costs, and attorney's fees to the Plaintiff;

3. Enter any other judgment or order that the court deems proper.

## COUNT TWO
### Breach of Contract
### (As too Bad Faith)

74. The plaintiff repeats and realleges the allegations contained in paragraphs 1 to 73 as stated above and incorporates them by reference herein.

75. On or about December 29, 2011 the plaintiff was injured while working on the job at UPS.

76. Mr. Assad reported this injury to his supervisor Sammy Contes who told him he must report to Don Cragan.

77. Mr. Assad reported to Don Cragan as required.

78. Mr. Assad asked for and was denied a workman's compensation claim number.

79. Mr. Assad contacted his Union Representative regarding the workman's compensation claim number denial.

80. Mr. Assad received a letter stating he would be terminated if he did not provide documentation of injury.

81. Mr. Assad provided the necessary documentation by fax to UPS on January 9, 2012 and to his Union Representative on January 23, 2012.

82. Despite providing the necessary documentation, UPS terminated Mr. Assad relative to his on the job injury.

83. Despite multiple requests for a workman's compensation claim number, Mr. Assad was forced to hire an attorney and have an Administrative Judge order that a claim number be produced and that medical bills be paid by UPS. (Judgment issued July 13, 2012)

84. A claim number was finally issued in August of 2012.

85. Mr. Assad suffered damages as a result the bad faith of UPS in failing to issue him a claim number in accordance with the Workman's Compensation Statute.

86. Mr. Assad suffered damages as a result of the bad faith of UPS in failing to reinstate Mr. Assad's employment after he received a rescinded termination letter in accordance with the agreement between the parties.

WHEREFORE, the Plaintiff prays that this Honorable Court;

1. Enter Judgment in favor of the Plaintiff;

2. Award all fees, costs, and attorney's fees to the Plaintiff;

3. Enter any other judgment or order that the court deems proper.

### COUNT THREE
Breach of Covenant of Good Faith and Fair Dealing

87. The plaintiff repeats and realleges the allegations contained in paragraphs 1 to 86 as stated above and incorporates them by reference herein.

88. The plaintiff received an on the job injury.

89. The plaintiff requested a workman's compensation claim number.

90. The plaintiff was deprived a workman's compensation claim number for more than seven months.

91. The plaintiff was forced to hire an attorney to force UPS to provide him with a workman's compensation claim number for the medical bills he sustained as a result of the injury he received while at work.

92. As a result of the defendant's breach of the covenant of good faith and fair dealing the plaintiff lost his medical insurance coverage.

93. As a result of the defendant's breach of the covenant of good faith and fair dealing the plaintiff has sustained damages.

7

WHEREFORE, the Plaintiff prays that this Honorable Court;

    1. Enter Judgment in favor of the Plaintiff;

    2. Award all fees, costs, and attorney's fees to the Plaintiff;

    3. Award the compensation outlined in the employment offer to the Plaintiff;

    4. Enter any other judgment or order that the court deems proper.

## COUNT FOUR
### Wrongful Termination

94. The plaintiff repeats and realleges the allegations contained in paragraphs 1 to 93 as stated above and incorporates them by reference herein.

95. On or about December 29, 2011, Mr. Assad was injured while performing work for UPS.

96. On or about December 29, 2011 Mr. Assad called in and reported that he was injured in accordance with the company policy.

97. On or about January 6, 2012 Mr. Assad received a letter stating that he needed to call and send documentation regarding his injury.

98. On or about January 9, 2012, Mr. Assad faxed all documentation after getting a fax number from Sammy Contes and talking with Don Cragan.

99. No Workman's Compensation claim number was issued to Mr. Assad until more than seven months after the injury.

100. On or about January 16, 2012, Mr. Assad was terminated for his absences relating to injury, despite having provided the documents requested by UPS.

101. Mr. Assad was terminated for asserting his legally guaranteed right of filing a workman's compensation claim in relation to the injury he sustained while working for UPS.

WHEREFORE, the Plaintiff prays that this Honorable Court;

    1. Enter Judgment in favor of the Plaintiff;

    2. Award all fees, costs, and attorney's fees to the Plaintiff;

    3. Enter any other judgment or order that the court deems proper.

## COUNT FIVE
### Retaliation
### (M.G.L. c. 151B § 4(4))

102. The plaintiff repeats and realleges the allegations contained in paragraphs 1 to 101 as stated above and incorporates them by reference herein.

103. On or about April 2010 the plaintiff filed a discrimination charge with the EEOC based on national origin after UPS failed to promote him as promised and he was repeatedly referred to in extremely derogatory terms by coworkers and members of Human Resources.

104. Mr. Assad was then injured while performing his regular duties while he was working for UPS.

105. Mr. Assad was terminated for an alleged failure to provide documentation of said injury, despite having provided said documentation.

106. Mr. Assad has suffered damages as a result of this retaliatory termination.

WHEREFORE, the Plaintiff prays that this Honorable Court;

1. Enter Judgment in favor of the Plaintiff;

2. Award all fees, costs, and attorney's fees to the Plaintiff;

3. Enter any other judgment or order that the court deems proper.

## COUNT SIX
### Intentional/Negligent Infliction of Emotional Distress

107. The plaintiff repeats and realleges the allegations contained in paragraphs 1 to 106 as stated above and incorporates them by reference herein.

108. Mr. Assad was discriminated against while performing the regular duties of his employment at UPS.

109. Mr. Assad was referred to in derogatory racial slurs and was told by Human Resources that maybe he should seek employment in Egypt.

110. Mr. Assad notified Human Resources of these remarks.

111. No action was taken to stop these derogatory racial slurs and inappropriate references to Mr. Assad's national origin and race.

112. The defendant UPS engaged in or allowed its employees to engage in discrimination of the plaintiff based on his race and national origin.

113. The defendant issued a rescinded termination letter to the plaintiff.

114. The defendant has failed to reinstate the plaintiff as per the agreement relating to the rescinded termination letter.

115. Any reasonable person would know that these actions would cause emotional distress;

116. The aforementioned actions by the defendant are extreme and outrageous, beyond all possible bounds of decency, and were designed to intentionally shock and harm the plaintiff's peace of mind;

117. The conduct of the defendant is the cause of the plaintiff's emotional distress concerning his race and national origin;

118. The plaintiff has suffered extreme emotional distress as a result of the actions of the defendant as demonstrated by the fact the plaintiff no longer works for the defendant.

WHEREFORE, the Plaintiff prays that this Honorable Court;

1. Enter Judgment in favor of the Plaintiff;

2. Award all fees, costs, and attorney's fees to the Plaintiff;

3. Enter any other judgment or order that the court deems proper.

## COUNT SEVEN
Violation of M.G.L. c. 152

119. The plaintiff repeats and realleges the allegations contained in paragraphs 1 to 118 as stated above and incorporates them by reference herein.

120. The plaintiff was injured while working for defendant and filed a claim under M.G.L. 152 for a workman's compensation injury.

121. The defendant terminated the plaintiff for asserting his rights under this chapter.

122. The plaintiff has suffered damages as a result of the defendant's unlawful conduct.

WHEREFORE, the Plaintiff prays that this Honorable Court;

1. Enter Judgment in favor of the Plaintiff;

2. Award all fees, costs, and attorney's fees to the Plaintiff;

3. Enter any other judgment or order that the court deems proper.

## COUNT EIGHT
### Misrepresentation/ Fraud

123. The plaintiff repeats and realleges the allegations contained in paragraphs 1 to 122 as stated above and incorporates them by reference herein.

124. The defendant issued the plaintiff two rescinded termination letters after a grievance was filed with the Union.

125. The defendant has not reinstated the plaintiff.

126. The defendant knew or should have known that in issuing the rescinded termination letter, the plaintiff would rely on the reinstatement of employment.

127. The rescinded termination letter was a misrepresentation by defendant, as defendant has not reinstated plaintiff, nor attempted to reinstate plaintiff in any way.

128. The defendant fraudulently misrepresented to plaintiff that plaintiff's termination would be rescinded.

129. The plaintiff relied on this rescinded termination letter from the plaintiff to his detriment.

130. The plaintiff has suffered damages as a result of the defendant's misrepresentations.

WHEREFORE, the Plaintiff prays that this Honorable Court;

1. Enter Judgment in favor of the Plaintiff;

2. Award all fees, costs, and attorney's fees to the Plaintiff;

3. Enter any other judgment or order that the court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Honorable Court; enter judgment in favor of the Plaintiff, Award all fees, costs, and attorney's fees to the Plaintiff, Award the back pay that Plaintiff would have earned but for the wrongful termination, and enter any other judgment this Honorable Court deems fit.

Respectfully Submitted,
Emil Assad,
By his attorney,

*Jenny Margeson, Esq*
Jenny Margeson, Esq
800 Main Street,
PO Box 1427
East Dennis, MA 02641
(508)385-7500
BBO# 679611

2-7-13
A TRUE COPY ATTEST
*[signature]*
Clerk of Courts

Under oath I, Emil Assad do swear and depose that the facts included in this complaint are true and accurate description of the events relating to this action.

*Emil Assad*
Emil Assad

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF PLYMOUTH | DOCKET NO. 13-0146A |
|---|---|---|
| **PLAINTIFF(S)** Emil Assad | **DEFENDANT(S)** United Parcel Service | |

| Plaintiff Atty | Jenny Margeson, Esq | Type Defendant's Attorney Name |
|---|---|---|
| Address | 800 Main Street, PO Box 1427 | Defendant Atty |
| | | Address |
| City | East Dennis  State MA  Zip Code 02641 | City  State  Zip Code |
| Tel. | +1 (508) 385-7500  BBO# 679,611 | |

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

CODE NO.   TYPE OF ACTION (specify)   TRACK          IS THIS A JURY CASE?

E02 Appeal From Administrative Agency G L c 30A - X Track          ● ] Yes  ○ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses                                   $
   2. Total doctor expenses                                     $
   3. Total chiropractic expenses                               $
   4. Total physical therapy expenses                           $
   5. Total other expenses (describe)                           $
                                                     Subtotal   $
B. Documented lost wages and compensation to date              $
C. Documented property damages to date                         $
D. Reasonably anticipated future medical expenses              $
E. Reasonably anticipated lost wages and compensation to date  $ 50,000
F. Other documented items of damages (describe)
                                                                $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Lost wages Medical expenses not
covered by lost insurance          Total $ 30,000

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

| Breach of Contract, failure to reinstate, discrimination, wrongful termination, breach of covenant of good faith and fair dealing, misrepresentation, fraud | $100,000 TOTAL  $............. |
|---|---|

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date: 2/6/2013
A.O.S.C. 3-2007

A TRUE COPY ATTEST

_____
Clerk of Courts

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### * CONTRACTS

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor and Materials | F |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### *TORT

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence personal injury/property damage | (F) |
| B04 | Other Negligence- personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful Death, G.L. c.229, s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury- slip & fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth | (A) |

### * REAL PROPERTY

| Code | Description | Track |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### EQUITABLE REMEDIES

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of Contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L. c. 231A | (A) |
| D99 | Other (Specify) | (F) |

### MISCELLANEOUS

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from Administrative Agency G.L. c. 30A | (X) |
| E03 | Claims against Commonwealth or Municipality | (A) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E07 | G.L. c.112, s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L. c. 149, ss. 29, 29a | (A) |
| E11 | Workers Compensation | (X) |
| E12 | G.L.c.123A, s.12 (SDP Commitment) | (X) |
| E14 | G.L. c. 123A, s. 9 (SDP Petition) | |
| E15 | Abuse Petition, G. L. c. 209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, s. 11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L. c. 178M, s. 6 | (X) |
| E21 | Protection from Harassment c 258E | (X) |
| E25 | Plural Registry (Asbestos cases) | |
| E95 | **Forfeiture G.L. c. 94C, s. 47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes   [ ] |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.



**SUFFOLK COUNTY
CONSTABLE'S OFFICE**
90 FREEPORT STREET
BOSTON, MA 02122

United Parcel Service
c/o Corporation Service Company
84 State Street
Boston, MA 02109