UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EMIL ASSAD,
       Plaintiff,

v.

UNITED PARCEL SERVICE OF AMERICA, INC.,
       Defendant.

C.A. NO. 13-CV-10398

# ANSWER AND AFFIRMATIVE DEFENSES
# OF DEFENDANT UNITED PARCEL SERVICE OF AMERICA, INC.

The defendant United Parcel Service of America, Inc. ("UPS") answers the numbered paragraphs in the Verified Complaint filed by the plaintiff Emil Assad ("Mr. Assad") as follows:

### Parties

1. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. Denied.

### General Allegations

3. Admitted.

4. UPS admits that it denied the Plaintiff's initial application for an Air Driver position based on his driving record.

5. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. Admitted.

9. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10. UPS admits that it denied the Plaintiff's 2009 application for an Air Driver position based on his driving record.

11. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. Denied.

13. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. Denied.

17. UPS admits that Mr. Assad applied for an Air Driver position in May, 2011. UPS denies that Mr. Assad took the driving test for a fourth time, as the Company has no record that Mr. Assad submitted an application or took a driving test in 2010 and no record that he took the test in 2009.

18. UPS admits that Mr. Assad failed the driving test that he took in May, 2011, admits that it informed him that he had failed the test and denies the remaining allegations in paragraph 18.

19. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. UPS admits that Mr. Assad raised a concern with the Company's Human Resources Department that a Supervisor had referred to him using a racial slur.

21. Denied.

22. UPS admits that the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission but denies that it engaged in any discriminatory or retaliatory conduct or treatment of the Plaintiff.

23. Denied.

24. Admitted.

25. Admitted.

26. UPS is unable to confirm exactly what was said between Mr. Contes and Mr. Assad and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. UPS is unable to confirm exactly what was said between Mr. Contes and Mr. Assad and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. UPS admits that the Plaintiff's supervisor, Mr. Contes, told the Plaintiff that he was unsure about whether employees were permitted to review all information in their personnel

files when he received the request from Mr. Contest to review his file. UPS denies that Mr. Contes told the Plaintiff that he would not be permitted to see his personnel file.

29. UPS admits that Mr. Contes told the Plaintiff that he was going to check with Business Manager Michael DiBlasi about whether the Plaintiff was allowed to review all documents contained within his personnel file and that he told the Plaintiff he would get back to him regarding his request.

30. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31. UPS admits that it permitted the Plaintiff to review his entire personnel file within a short time after the Plaintiff first requested to review the file. UPS is without knowledge with respect to the exact number of days between the Plaintiff's request and the date on which it provided him with access to the file.

32. UPS is without information with respect to the Plaintiff's belief about the contents of his personnel file. UPS denies that Mr. Contes or anybody else removed documents from the Plaintiff's personnel file between the time that he requested to review the file and when he was allowed to review the file.

33. Denied.

34. UPS admits that in or about August, 2011 the Plaintiff reported a discrepancy in the coding of his vacation time in his paystub and reported the issue to his supervisor, Mr. Contes.

35. UPS denies that it failed to correct the payroll discrepancy. UPS is without knowledge with respect to whether the Plaintiff contacted his Union representative.

36. UPS admits that Mr. Cragan spoke with Mr. Slicis about the payroll issue and is without information with respect to the remaining allegations in paragraph 36.

37. UPS admits that it corrected the discrepancy in the plaintiff's pay and is without information with respect to the remaining allegations in paragraph 37.

38. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39. Denied.

40. UPS admits that Mr. Contes asked the Plaintiff's wife, who called UPS to report that the Plaintiff had been injured at work, to have the Plaintiff call Mr. Cragan to discuss his alleged injury.

41. UPS admits that the Plaintiff called Mr. Cragan on December 30, 2011.

42. UPS is without knowledge with respect to the specific words exchanged between Mr. Cragan and the Plaintiff. UPS admits that, after the Plaintiff was unable to explain to Mr. Cragan how or when he had been injured at work, that Mr. Cragan explained to the Plaintiff that workers' compensation benefits are available only to employees injured at work and that he would need to speak to the Union about obtaining short term disability benefits for injuries sustained outside of work.

43. UPS is without knowledge with respect to the specific words exchanged between Mr. Cragan and the Plaintiff and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

44. Denied.

45. UPS admits that as of January 2, 2012 it had not reported the Plaintiff's alleged injury to the third party benefits administrator, which causes a workers' compensation claim to

be opened, because Mr. Assad had not submitted medical information to the Company as required and had refused to meet with his Supervisor and Business Agent to discuss the injury.

46. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

47. UPS admits that Mr. Ruff sent a letter to the Plaintiff dated January 6, 2012 requesting medical documentation to substantiate his absence from work and stating that a failure to provide such documentation within 72 hours would lead to termination. UPS is without knowledge with respect to the date on which the Plaintiff received the letter.

48. Denied.

49. UPS admits that it sent a letter dated January 16, 2012 to the Plaintiff terminating his employment. UPS is without knowledge with respect to the date on which the Plaintiff received the letter.

50. UPS admits that as of January 16, 2012 it had not reported the Plaintiff's alleged injury to the third party benefits administrator, which causes a workers' compensation claim to be opened, because Mr. Assad had not submitted medical information to the Company as required and had refused to meet with his Supervisor and Business Agent to discuss the injury.

51. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

52. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

53. Denied.

54. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56. Admitted.

57. Admitted.

58. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59. Based upon information contained in the Company's records, UPS admits, upon information and belief, that Mr. Assad filed a charge with the NLRB against the Teamsters Local 25 based on its alleged failure to pursue a grievance filed by Mr. Assad.

60. Denied.

61. UPS admits that it issued two letters to Mr. Assad based on an agreement reached with the Teamsters Local 25. The first letter is a copy of the January 16, 2012 termination letter that was marked "rescinded." The second letter is an identical copy of the "rescinded" January 16, 2012 letter, except that it is dated August 30, 2012, the date on which UPS issued the letters. The purpose of the letters was to rescind the January 16, 2012 termination letter issued to Mr. Assad.

62. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

63. Denied.

64. Denied.

65. Denied.

## Count One
### Breach of Contract
### (As to failure to rehire)

66. UPS incorporates by reference its answers to paragraphs 1 through 65.

67. Admitted.

68. UPS denies that it made any agreement with the Plaintiff. UPS admits that rescinded the January 16, 2012 termination letter issued to the Plaintiff.

69. Denied.

70. UPS admits that it issued two letters to the Plaintiff based on an agreement reached with the Teamsters Local 25. The first letter is a copy of the January 16, 2012 termination letter that was marked "rescinded." The second letter is an identical copy of the "rescinded" January 16, 2012 letter, except that it is dated August 30, 2012, the date on which UPS issued the letters. The purpose of the letters was to rescind the January 16, 2012 termination letter issued to the Plaintiff.

71. Denied.

72. Denied.

73. Denied.

## Count Two
### Breach of Contract
### (As to Bad Faith)

74. UPS incorporates by references it answers to paragraphs 1 through 73.

75. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

76. Denied.

77. UPS admits that the Plaintiff contacted Mr. Cragan on December 30, 2011 regarding his absence from work but denies that he did so in a timely manner and denies that he was cooperative in providing information about his alleged injury.

78. Denied.

79. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

80. UPS admits that it sent a letter to the Plaintiff dated January 6, 2012 requesting medical documentation to substantiate his absence from work and stating that a failure to provide such documentation within 72 hours would lead to termination.

81. Denied.

82. UPS admits that it terminated the Plaintiff's employment after he failed to submit the required medical documentation to substantiate his absence from work and denies the remaining allegations in paragraph 82.

83. Denied.

84. UPS admits, upon information and belief, that the third party benefits administrator issued a workman's compensation claim number to the Plaintiff.

85. Denied.

86. Denied.

<u>Count Three</u>
Breach of Covenant of Good Faith and Fair Dealing

87. UPS incorporates by reference its answers to paragraphs 1 through 86.

88. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

89. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

90. UPS admits that the Plaintiff did not receive a workman's compensation claim number until in or about August of 2012 but responds further that he failed to provide sufficient information to UPS and the third party claims administrator concerning his alleged injury to receive the claim number at an earlier time.

91. Denied.

92. Denied.

93. Denied.

### Count Four
### Wrongful Termination

94. UPS incorporates by reference its answers to paragraphs 1 through 93.

95. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

96. Denied.

97. UPS admits that Mr. Ruff sent a letter to the Plaintiff dated January 6, 2012 requesting medical documentation to substantiate his absence from work and stating that a failure to provide such documentation within 72 hours would lead to termination. UPS is without knowledge with respect to the date on which the Plaintiff received the letter.

98. Denied.

99. UPS admits that the Plaintiff did not receive a workman's compensation claim number until in or about August of 2012 and denies the remaining allegations contained in paragraph 99.

100. UPS admits that it sent a letter to the Plaintiff dated January 16, 2012 after he failed to provide the required medical documentation to UPS to substantiate his absences from work. UPS denies the remaining allegations of paragraph 100.

101. Denied.

## Count Five
(M.G.L. c. 151B § 4(4))

102. UPS incorporates by references its answers to paragraphs 1 through 101.

103. UPS denies that the Plaintiff filed a Charge of Discrimination with the EEOC on April, 2010 and answers further, based on records in the Company's possession, that the filing occurred on May 17, 2011. UPS denies the Plaintiff's characterization of the allegations contained within his Charge of Discrimination to the EEOC.

104. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

105. UPS admits that it terminated Mr. Assad's employment after he failed to provide the required medical documentation to UPS to substantiate his absences from work. UPS denies that the Plaintiff provided the required medical information to UPS in a timely manner.

106. Denied.

## Count Six
Intentional/Negligent Infliction of Emotional Distress

107. UPS incorporates by reference its answers to paragraphs 1 through 106.

108. Denied.

109. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

110. UPS admits that Mr. Assad raised a concern with the Company's Human Resources Department that a Supervisor had referred to him using a racial slur.

111. Denied.

112. Denied.

113. Admitted.

114. UPS admits that it has not reinstated the Plaintiff to his former position. UPS denies that it agreed to reinstate the Plaintiff and denies that it entered into any agreement with the Plaintiff.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

## Count Seven
### Violation of M.G.L. c. 152

119. UPS incorporates by reference its answers to paragraphs 1 through 118.

120. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Assad was in fact injured while working at UPS. UPS admits that Mr. Assad filed a workman's compensation claim alleging that he suffered an on-the-job injury.

121. Denied.

122. Denied.

## Count Eight
### Misrepresentation/Fraud

123. UPS incorporates by reference its answers to paragraphs 1 through 122..

124. Admitted.

125. Admitted.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

FIRST AFFIRMATIVE DEFENSE

All counts of the Plaintiff's Complaint concerning the alleged agreement between UPS and the International Brotherhood of Teamsters Local 25 (the "Union") fail to state a claim upon which relief can be granted as the Plaintiff was not a party to the agreement and has no standing to enforce the agreement.

SECOND AFFIRMATIVE DEFENSE

The matters alleged in this complaint are subject to a grievance and arbitration provision of a collective bargaining agreement governed by the Labor Management Relations Act, 29 U.S.C. § 141 et seq. and that grievance and arbitration process has not been used in connection with these matters. Thus, the Plaintiff has failed to exhaust his remedies under the agreement.

THIRD AFFIRMATIVE DEFENSE

The Plaintiff's state law claims based on an agreement between UPS and the Union are preempted by federal law because they require the interpretation of a collective bargaining agreement for their resolution

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's wrongful discharge claim fails to state a claim upon which relief can be granted as the Plaintiff has failed to allege that UPS violated a contract with him or committed a tort in connection with his termination.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Mr. Assad's claims are barred by the doctrine of equitable estoppel as Mr. Assad failed to report his alleged injury to UPS in a timely manner and refused to cooperate with UPS in its investigation of the alleged injury.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering, or his damages should be reduced, because UPS exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior and the Plaintiff unreasonably failed to follow the procedures of UPS for reporting discrimination, to take advantage of any other preventative or corrective opportunities provided by UPS, or to avoid harm otherwise.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred by his failure to satisfy all administrative and statutory prerequisites, as the Plaintiff failed to raise his allegations with the EEOC prior to filing his claims in court.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's filing of a workers' compensation claim was a motivating factor in any or all of the actions of UPS complained of in his Complaint, UPS would have taken such actions in the absence of such claim.

## ELEVENTH AFFIRMATIVE DEFENSE

UPS terminated the Plaintiff for legitimate and lawful business reasons.

**UNITED PARCEL SERVICE OF AMERICA, INC.**

By its attorneys,

/s/ James F. Radke
James F. Radke - BBO 667299
jradke@murthalaw.com
Murtha Cullina LLP
99 High Street
Boston, MA 02110-2320
Telephone: 617.457.4000
Facsimile: 617.482.3868

Barry J. Waters - BBO 645595
bwaters@murthalaw.com
Murtha Cullina LLP
2 Whitney Avenue
New Haven, CT 06510
Telephone: 203.772.7719
Facsimile: 203.772.7723

Dated: March 29, 2013

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 29, 2013 I filed the Answer of Defendant United Parcel Service of America, Inc. through the Court's ECF system, which will send the document electronically to the registered participants as identified on the Notice of Electronic Filing.

                                 /s/ James F. Radke
                                 James F. Radke